UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Crim No. 1:20-cr-00158-PB |
| | ) |
| v. | ) Civil No. 1:20-cv-721-LM |
| | ) |
| | ) |
| GEORGE KUIPER | ) |
| | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the Defendant, George Kuiper, by and through his attorneys of record, Anthony P. Sgro, Esq., and Colleen N. Savage, Esq., of the law firm of SGRO & ROGER, and hereby submit this Sentencing Memorandum.

This Memorandum is made and based upon all of the papers and pleadings on file herein, the attached Statement of the Case, Memorandum of Law, as well as any oral argument made at the time of sentencing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  Introduction

A.  **Statement of the Case**

On December 21, 2020, George Kuiper (hereinafter "Mr. Kuiper") was charged by way of Information with three drug related offenses. These charges stem from the online sale of substances, primarily Modafinil. Modafinil is approved by the United States Food and Drug Administration and safe to take with a prescription.[1] Modafinil, otherwise known as Provigil[2] is

---

[1] Modafinil is the generic name for the prescription drug, Provigil.
[2] https://www.accessdata.fda.gov/drugsatfda_docs/label/2015/020717s037s038lbl.pdf

used to treat problems such as narcolepsy, sleep apnea, and shift work sleep disorder.[3] Modafinial is currently classified as a Schedule IV controlled substance pursuant to United States federal law.

On January 14, 2021, Mr. Kuiper plead guilty to the charges included in the Information. The Honorable Judge Barbadoro accepted Mr. Kuiper's guilty plea to Count One, Conspiracy to Distribute Unapproved Drugs in Interstate Commerce and to Smuggle Goods into the United States; Count Two, Distributing Unapproved Drugs in Interstate Commerce; and Count Three, Smuggling Goods into the United States.

**Pursuant to the plea agreement, the parties stipulate and agree that five (5) years of probation is an appropriate sentence for the disposition of this case.**[4] The negotiated plea and stipulated settlement agreement[5] contemplate that Mr. Kuiper will serve no incarceration time given his extensive voluntary forfeiture of various funds and assets. The Plea Agreement is intended to be binding under Fed. R. Crim. P. 11(c)(1)(C).[6] Mr. Kuiper's guilty plea, which has been accepted by this Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the Information in this case.[7]

B. Pre-Trial Services Report

On January 12, 2021, Jacqulyne Santullo, a U.S. Probation Officer submitted her Pre-Trial Services Report.[8] This report was reviewed and approved by Janice A. Bernard, a U.S. Probation Officer Specialist.

After a careful overview, Officer Santullo concluded the following with regard to her assessment of Mr. Kuiper: Mr. Kuiper **"[did] not present a risk of nonappearance or danger**

---

[3] https://www.accessdata.fda.gov/drugsatfda_docs/label/2015/020717s037s038lbl.pdf
[4] See page 9 of Plea Agreement attached hereto as Exhibit "1".
[5] See Stipulated Settlement Agreement attached hereto as Exhibit "2".
[6] See Plea Agreement attached hereto as Exhibit "1".
[7] See page 13 of Plea Agreement attached hereto as Exhibit "1".
[8] Pre-Trial Services Report attached hereto as Exhibit "3".

**to the community; therefore, the probation officer respectfully recommends that the defendant be released or on personal recognizance without pretrial supervision**." This recommendation is well supported by the examination of all relevant domains such as Mr. Kuiper's physical health, mental health, his education, his family and social relationships, and attitude.

### C. Mr. Kuiper's Background and Present Circumstances

Mr. Kuiper is seventy-three (73) years old. He was born in New York City, NY and raised in New Jersey until the age of eighteen (18). Mr. Kuiper is an educated man. He has studied a variety of college subjects including architecture and engineering at two different schools: Miami Dade Community College and the New Jersey Institute. Mr. Kuiper eventually graduated with a bachelor's degree in marketing from the University of Colorado in 1977. Mr. Kuiper is divorced and has two adult children.

From 1983-2003, Mr. Kuiper was gainfully employed as a sales representative for various vitamin companies including Key Products, Crystal Start Nutrition, YSK Products, Sunbrella, Life Link, and Unique Nutrition. During his tenure with these companies, Mr. Kuiper became intrigued with health and science.

Mr. Kuiper has been retired for the past 16 years. He currently resides in his home located in Lawrenceville, Georgia, where he has lived for over thirty (30) years. Mr. Kuiper lives a modest lifestyle, surviving primarily off of his Social Security Income. He does not own a vehicle, and walks to the grocery store approximately once a week for necessities.

Mr. Kuiper suffers from asthma, high blood pressure, high cholesterol and shortness of breath. Several years ago, Mr. Kuiper experienced a herniated disk and has lived with severe pain in his back and legs since that time. Mr. Kuiper has been diagnosed with manic depressive

disorder and suffers from paranoia and anxiety. He is currently not taking any medication, although he has recently met with a psychologist, Dr. Emily Garai to address his mental health. Mr. Kuiper has made his mental health his number one priority and intends on continuing to work with Dr. Emily Garai and a psychiatrist to address and overcome his mental health issues while on probation.

Mr. Kuiper has been a law abiding citizen for nearly his entire life. Mr. Kuiper has a limited criminal record for minor offenses that occurred in 1969 and 1970 related to marijuana use in his early twenties. Since then, Mr. Kuiper has not had any substance abuse issues, nor does he drink alcohol.

### D. Nature of Offense and Acceptance of Responsibility.

Importantly here, Mr. Kuiper's case did not include any violence or threats of violence, nor were any weapons at issue. Such a factor must be considered by this Court in determining a punishment that is fair to the crime. Mr. Kuiper now stands before this Court totally and completely remorseful for his conduct. He does not seek to excuse or minimize the illegality of his actions.

### E. Forfeiture of Assets

In consideration for this agreement, Mr., Kuiper agrees to immediately and voluntarily forfeit to the United Stated his interest in any and all assets subject to forfeiture including:

(A) $19,120.14 in funds from Citibank Account #░░░░░░░░;

(B) $2,452.00 in U.S. Currency;

€ $11,090.49 in funds from Fidelity Bank Account #░░░░░░░░;

(D) $67,028.22 in funds from Renasant Account ░░░░░░░░;

€ $21,527.31 in funds from Renasant Account #░░░░░░░░;

(F) $108,956.13 in funds from TD Ameritrade Account #░░░░░░░░; and

(G) $19,545.11 in funds from TD Ameritrade Bank Account #░░░░░░░░.

4

In addition, Mr. Kuiper agrees to pay the sum of $200,000.00 as a substitute res for defendant *in rem,* 333 Summit Ridge Drive, Lawrenceville, GA. The United States will then move to substitute $200,000.00 for 333 Summit Ridge Drive, Lawrenceville, GA and to dismiss 333 Summit Ridge Drive, Lawrenceville, GA from the case so that Mr. Kuiper may continue to use this property as his personal residence while on probation. Further, Mr. Kuiper consents to the forfeiture of all of his right, title and interest, in the land and buildings located at 2775 Old Shackleford Road, Suite 1001, Lawrenceville, GA, with all appurtenances and improvements thereon, in addition to the land and buildings located at 1576 Creek Bend Lane, Lawrenceville, GA, with all appurtenances and improvements thereon.

## II.     Arguments for Sentencing Leniency

### A.  Cost of a Lengthy Sentence on Taxpayers

It is appropriate for a court to consider the cost of incarceration on the taxpayers when the court has discretion in determining a defendant's sentence. In *United States v. Hughes*, 825 F.Supp. 866 (1993), the Court held:

> The court cannot see the social utility in forcing this young man, with substantial prospects for becoming a productive member of society, to serve such a lengthy prison sentence. The foreseeable costs to society of this incarceration are at least two-fold. First, such lengthy incarceration substantially diminishes the likelihood that the defendant will be able to become a productive member of society upon his release. Second, the monetary cost to the American taxpayer of this incarceration will [be excessive]. Further, the non-rehabilitation purposes of incarceration--retribution, deterrence and incapacitation--would all be more than adequately served by a far shorter sentence. Both society and the defendant will pay a dear cost for [a greater] sentence and receive very little in return.

Moreover, it is crucial for the legitimacy of the judicial system that sentences are based on sound logic and are related to classic theories of punishment. The *res gestae* of this case supports the notion that this Court should sentence Mr. Kuiper to five years of probation with no incarceration as stipulated to by the United States.

Mr. Kuiper has been a productive member of society his entire life. He has maintained

5

consistent employment throughout the years in the Lawrenceville community and has lived at the same address for over thirty (30) years. Mr. Kuiper has taken full responsibility for his actions and is eager to prove to this Court that he is capable of in society as a healthy and productive citizen.

### B. Impact of Covid-19

Throughout the United States, courts have elected to release non-violent offenders to help prevent the spread of COVID-19 among incarcerated persons, given that social distancing inside of prisons and jails is nearly impossible. Courts are now, more than ever ordering individuals to carry out the terms of their imprisonment on probation or house arrest due to concerns for the current health crisis.

Jails and prisons house large numbers of people with chronic diseases and complex medical needs who are more vulnerable to COVID-19. One of the best ways to protect these people is to reduce overcrowding in correctional facilities, and facilities nationwide are taking measures to keep their staff and inmate population safe.

Adhering to the plea agreement and allowing Mr. Kuiper to serve his term of probation sentence would serve the needs of justice, particularly for a seventy-four (74) year old defendant.

### C. Family and Community Letters in Support of Plea for Leniency

Mr. Kuiper's family members and close family friends have provided letters in support of Mr. Kuiper asking this Honorable Court to have leniency and follow the terms set forth within the plea agreement and accepted onto the record by the Honorable Judge Barbadoro.[9] The letters speak to Mr. Kuiper's character as a kind and selfless person. He is referenced throughout the letters as a hard-worker, and many of the letters reference the fact that the conduct in the instant offense is not something that appertains to Mr. Kuiper.

---

[9] Reference letters attached hereto as Exhibit "5".

For example, Giles Galahad submitted a reference letter on behalf of Mr. Kuiper describing him as "hardworking and honest". Mr. Galahad stated he is aware of Mr. Kuiper's current legal problem which he views as completely non-representative of his character. In another letter, Gustavo Martin wrote that George has always displayed a high degree of integrity, responsibility, and friendship. Within these reference letters, it is clear that the people who know Mr. Kuiper well, still carry him in high regard.

### III.   Sentence Recommendation

There are number of considerations implicated in the instant matter that warrant the mitigated sentence contained within the stipulated plea agreement. Upon careful consideration of all the facts of this case, Mr. Kuiper asks this Honorable Court to sentence him to five years of probation with no incarceration as stipulated to by the United States.

### Conclusion

WHEREFORE, Mr. Kuiper submits that a sentence of five (5) years of probation fully serves the interests of justice in this matter. This sentence would be appropriate in light of the facts and circumstances of the offense, and Mr. Kuiper's age and health.

Respectfully submitted,

By his Attorneys,
Sgro & Roger

DATED this __18th__ day of May, 2021.

/s/ Colleen Savage
Anthony P. Sgro, Esq., NV Bar #3811
Colleen N. Savage, Esq. NV Bar #14947
SGRO & ROGER
720 S. 7th Street, Third Floor,
Las Vegas, NV 89101
Telephone: (702) 384-9800
Fax: (702) – 665-4120
tsgro@sgroandroger.com
csavage@sgroandroger.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2021, a copy of this **DEFENDANT'S SENTENCING MEMORANDUM** was filed through the ECF system and will be sent electronically to:

SCOTT W. MURRAY, United States Attorney
GEORGIANA MACDONALD
Assistant U.S. Attorney
ROBERT J. RABUCK
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant Street
Concord, New Hampshire
603-225-1552
Rob.rabuck@usdoj.gov
georgiana.macdonald@usdoj.gov

                                              /s/ Brittney Summers
                                       An employee of Sgro & Roger